# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **GENE P. KELLY,** | CASE NO. 3:20 CV 2341 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **SHELLPOINT MORTGAGE SERVICING,** | |
| | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

### BACKGROUND

This is a removed *pro se* case. *Pro se* Plaintiff Gene P. Kelly ("Plaintiff") filed his Complaint against Defendant Shellpoint Mortgage Servicing ("Shellpoint") in the Lucas County Court of Common Pleas. (Doc. 1-1; *Gene P. Kelly EL v. Shellpoint Mortgage Servicing*, Case No. G-4801-CI- 0202002996).  The Complaint consists of a single paragraph, stating:

> I became aware of monies being extorted from me be a company I have no knowledge of. Therefore, on 6/11/20 a writ of discovery was filed with Shellpoint Mortgage [S]ervicing to discover jurisdiction and proof of claim. That request did not receive a response as instructed by the writ of discovery. The non-response from Shellpoint Mortgage Servicing dishonored their claim and created a legitimate bona fide dispute. Therefore:
> 1. I am seeking compensatory damages
> 2. I am seeking punitive damages in the amount of $2,000,000.00 plus fees.

(Doc. 1-1, at 3). Although the Complaint does not set forth any clear legal claim for relief, the state-court case was designated as a "Consumer Fraud" action. *Id*. at 2. Attached to Plaintiff's Complaint is a document labeled "Writ In The Nature of Discovery," which Plaintiff apparently sent to Shellpoint on June 11, 2020, asking Shellpoint to send him numerous "Documents and associated Instruments" relating to his mortgage loan. *Id*. at 4.

Shellpoint removed the Complaint to federal court on the basis of diversity of citizenship (Doc. 1) and filed a Motion to Dismiss it pursuant to Rules 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure (Doc. 5). Shellpoint argues Plaintiff's Complaint fails to identify any specific federal or state law Shellpoint allegedly violated by failing to respond to Plaintiff's "writ of discovery" and Plaintiff's allegations are insufficient to state a claim for fraud. *Id*. at 6-7.

Plaintiff filed a brief responding to Shellpoint's motion. (Doc. 6). Although Plaintiff generally refers to his state-court Complaint as one for "consumer fraud," the only specific claim he identifies in his brief is "extortion" under 18 U.S.C. § 875(d). *Id.* at 2. He asserts that Shellpoint's "demand for funds" in connection with his mortgage loan without responding to his "writ of discovery" constitutes extortion under 18 U.S.C. § 875(d). *Id.* Plaintiff subsequently filed a Motion for Default Judgment, purportedly seeking default judgment in his favor because Shellpoint failed to response to his "writ of discovery." (Doc. 10).

Upon review, Shellpoint's Motion to Dismiss (Doc. 5) is granted and Plaintiff's Motion for Default Judgment (Doc. 10) is denied.

## STANDARD OF REVIEW

The function of the Court in deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court clarified the law regarding what a plaintiff must plead in order to survive a Rule 12(b)(6) motion in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). When determining a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at

678 (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

Further, although *pro se* pleadings are generally liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, even *pro se* complaints must satisfy the requirements of Rule 12(b)(6) to avoid dismissal. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard set forth in *Iqbal* and *Twombly* applies to *pro se* complaints).

## DISCUSSION

Even liberally construed, Plaintiff's complaint fails to state any plausible claim against Shellpoint upon which he may be granted relief.

Plaintiff has no plausible claim for relief against Shellpoint for extortion under 18 U.S.C. § 875(d). That statute is a federal criminal statute which on its face confers no private right of action. *See, e.g., Bey v. State of Ohio*, 2011 WL 4944396, at *3 (N.D. Ohio) (holding that a *pro se* plaintiff's various claims brought under Title 18 should be dismissed because the cited sections did not provide for any civil causes of action or civil remedies). Further, 18 U.S.C. § 875(d) provides:

> Whoever, with intent to extort from any person, firm, association, or corporation, any money or other thing of value, transmits in interstate or foreign commerce any communication containing any threat to injure the property or reputation of the addressee or of another or the reputation of a deceased person or any threat to

> accuse the addressee or any other person of a crime, shall be fined under this title or imprisoned not more than two years, or both.

Plaintiff's allegation that Shellpoint failed to respond to his "writ of discovery" does not plausibly suggest that Shellpoint transmitted any communication containing a threat with the intent to extort money as is criminalized in 18 U.S.C. § 875(d).

In addition, Plaintiff's Complaint does not allege a plausible claim for fraud under Ohio law. Fraud claims must be stated with particularity, and to state a claim a plaintiff must allege facts demonstrating all of the following elements: "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Cohen v. Lamko, Inc.*, 462 N.E.2d 407, 409 (Ohio 1984) (internal citation and quotation omitted).

At a minimum, a plaintiff must allege the time, place, and content of the defendant's alleged misrepresentations and how the defendant intended to defraud him. *See Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993). Plaintiff's allegation that Shellpoint failed to respond to his "writ of discovery," and his purely conclusory assertion that Shellpoint engaged in extortion, are insufficient to demonstrate these elements. Neither Plaintiff's Complaint, nor his brief in opposition to Shellpoint's Motion to Dismiss, set forth facts plausibly suggesting Shellpoint engaged in fraud with respect to his mortgage loan. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Plaintiff has also failed to demonstrate any valid basis for a default judgment. Federal Rule of Civil Procedure 55 allows a court to enter a default judgment against a party who has failed to plead or otherwise defend in a case. There is no basis for a default judgment here, as Shellpoint has defended in the action and demonstrated that Plaintiff's Complaint fails to allege any plausible claim for relief against it.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion to Dismiss (Doc. 5) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Plaintiff's Motion for Default Judgment (Doc. 10) be, and the same hereby is, DENIED; and the Court

CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

                                               s/ *James R. Knepp II*
                                              UNITED STATES DISTRICT JUDGE